**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**
**CASE NO.: _____**

LARA DIEZ, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

AMERICAN LANDMARK, LLC,

      Defendant.

_____/

## DEFENDANT, AMERICAN LANDMARK, LLC'S NOTICE OF REMOVAL

Defendant, American Landmark, LLC, pursuant 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1446 and 1453, hereby removes Case No.: 2021-026346-CA-01 from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, and as grounds for this removal states as follows:

## I.  Statement of the Case

1.  On December 5, 2021, Plaintiff Lara Diez, filed a Class Action Complaint against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled Lara Diez v. American Landmark, LLC, Case No.: 2021-026346-CA-01 (the "State Court Action").

2.  Defendant was served with the Summons and Class Action Complaint in the State Court Action on December 20, 2021. Copies of the Summons, Class Action Complaint, and Defendant's Motion for Extension of Time to Respond to Complaint are attached as Composite Exhibit A-1 to A-3 to this Notice.

3.      In the Class Action Complaint, Plaintiff asserts a single federal cause of action under the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227, *et seq.*

4.      Plaintiff's federal claim is predicated upon her contention that she received unsolicited text messages in violation of the TCPA. Individually, and on behalf of the putative class numbering in the several thousands, Plaintiff demands relief for actual and statutory damages, treble statutory damages, and declaratory and injunctive relief.

5.      As set forth below, there are two grounds for this Court exercising removal jurisdiction over this dispute.

6.      First, removal to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, is proper because this Court has original jurisdiction under the TCPA based upon the federal claim set forth in the Class Action Complaint against Defendant for a violation of the TCPA, 47 U.S.C. § 227(c).

7.      Second, removal to this Court, pursuant to U.S.C. § 1441 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), is proper because this Court has original jurisdiction under CAFA. According to the allegations in the Class Action Complaint, the State Court Action involves an amount in controversy exceeding the sum of $5,000,000.00, exclusive of interest and costs, there are more than one hundred members in the putative class, and there is minimal diversity between the parties.

## II.   Federal Question Jurisdiction under 28 U.S.C. § 1331

8.      This Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441(a).

9.      This action is removable to this Court because federal jurisdiction under 28 U.S.C. § 1331 exists over Plaintiff's claim for alleged violation of the TCPA, 47 U.S.C. § 227(c). *See Mimms v. Arrow Financial Services, LLC,* 565 U.S. 368 (2012).

10.    Plaintiff's individual claim seeks actual and statutory damages suffered as the result of an alleged violation of the TCPA, 47 U.S.C. § 227(c), predicated upon the receipt of unsolicited text messages.

11.    Plaintiff alleges that, on or about February 27, 2021, in search of a rental apartment she submitted an inquiry and contact information through a website. Complaint, par. 9.

12.    As a result, Plaintiff alleges Defendant "placed telephone solicitation text message calls to Plaintiff's cellular telephone number" and identifies 4 such text messages about residential apartments at Midtown 24. Complaint, par. 13.

13.    Including the 4 text messages specifically referenced in the Class Action Complaint, during the period of time from March 5, 2021 to August 24, 2021, Plaintiff received a total of 16 separate text messages about residential apartments at Midtown 24.

14.    According to the Complaint, the text messages violated the TCPA and "resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life." Complaint, par. 3. Plaintiff further alleges "Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance." Complaint, par. 22.

15.    The relief sought by Plaintiff includes an award of "actual damages" in addition to statutory damages under the TCPA. Complaint, par. 40. Specifically, as a result of the receipt of unwanted and unsolicited text messages in violation of the TCPA, Plaintiff claims she has suffered injuries which include an invasion of privacy, aggravation, harassment, annoyance and disruption of daily life. Complaint, par. 3 and 22.

16.    Thus, Plaintiff has alleged in her Class Action Complaint constitutional Article III standing to sue and this Court has original federal subject matter jurisdiction under the TCPA, as she has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Salcedo v. Hanna*, 936 F. 3d 1162, 1167 (11 Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

## III.   CAFA Diversity Jurisdiction Under 28 U.S.C. § 1332(d)

17.    This Court has original federal diversity jurisdiction over this matter under 28 U.S.C. § 1332(d), and this action is removable under 28 U.S.C. § 1441(a).

18.    Removal to this Court is proper because this Court has federal jurisdiction under CAFA which "gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84-85 (2014).

### A.   This Case is Class Action Within the Meaning of CAFA

19.    CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class . . . ." 28 U.S.C. § 1332(d)(1)(B).

20.    Plaintiff instituted the State Court Action, individually and on behalf of all other similarly situated, by filing a pleading captioned "Class Action Complaint." Plaintiff invokes Florida's civil rule for maintaining a class action and alleges "the Class members number in the several thousands, if not more." Complaint, par. 23 and 24.

21.    Thus, this action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a).

### B.   Minimal Diversity Jurisdiction Exists

22.    Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA "gives federal courts original jurisdiction over class actions

where the amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties (meaning at least one plaintiff and one defendant are from different states)." *Smith v. Marcus & Millichap*, Inc., 991 F. 3d 1145, 1148 (11th Cir. 2021).

23.   Plaintiff alleges "the Class members number in several thousands if not more." Complaint, par. 24. The Class Action Complaint defines the "Class" as including: "All persons in the Unites States." Complaint, par. 23.

24.   Plaintiff is a citizen of Florida. Complaint, par. 4.

25.   Defendant is a Florida limited liability company, with its principal place of business in Florida, and is composed of three members: two individuals who are citizens of the state of Florida, and a Delaware corporation with its principal place of business in Florida. "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F. 3d 1218, 1220 (11th Cir. 2017). Based upon the composition of its members, Defendant is a citizen of Florida and Delaware.

26.   Plaintiff's putative nationwide Class includes all persons in the United States. Complaint, par. 23. By definition, this Class includes members who are citizens of states other than Florida and Delaware. Specifically, among the members in Plaintiff's proposed Class definition are the recipients of text messages placed by Defendant to persons residing in Georgia, one of the states where Defendant manages residential apartment communities and responds to inquiries made through apartmentlist.com similar to Plaintiff's inquiry. Thus, minimal diversity of citizenship under CAFA exists between the proposed class members who are citizens of states other than Florida and Delaware, including Georgia, and Defendant. *See* 28 U.S.C § 1332(d)(2)(A).

### C. __CAFA's Amount in Controversy Requirement is Satisfied__

27.   Under CAFA, subject matter jurisdiction for class action diversity is satisfied where "the matter in controversy exceeds the sum or value $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

28.   The "amount in controversy" requirement turns on the amount plaintiff has placed in controversy, and not the amount that plaintiff is likely to recover. *Anderson v. Wilco Life Ins, Co.*, 943 F. 3d 917, 925 (11th Cir. 2019) (under CAFA the pertinent issue is not how much the plaintiffs are likely to ultimately recover, it is an estimate of the amount that will be put at issue in the course of the litigation).

29.   To meet CAFA's amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional thresholds." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *See Anderson* 943 F. 3d at 925.

30.   Defendant specifically denies any liability and that Plaintiff or any putative class members are entitled to monetary or other relief in this action. Nonetheless, based upon Plaintiff's allegations in the Class Action Complaint, there is a plausible basis to conclude that Plaintiff's damages exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

31.   Plaintiff seeks certification of a nationwide Class of members that "number in the several thousands, if not more," each of whom received "more than one text message." Complaint, par. 23 and 24.

32.   There are no allegations in the Class Action Complaint that the amount in controversy is less than CAFA's $5,000,000 jurisdictional threshold.

33. In fact, Plaintiff seeks relief that includes statutory damages of $500 per violation under the 47 U.S.C. § 227(c), and treble the statutory damages under 47 U.S.C. § 227(c)(5). Complaint, par. 40 and 41.

34. Predicated upon treble statutory damages in the amount of $1,500 for each of at least two violations per member of a class that includes over 2,000 members, Plaintiff plausibly alleges statutory damages in excess of the sum of $5,000,000 ($1,500 x 2 x 2,000 class members = $6,000,000), exclusive of interest and costs.

35. Thus, the minimum jurisdictional amount is "readily deductible" from the sums claimed by Plaintiff in her Class Action Complaint. *See Cappuccitti v. DirecTV, Inc.,* 623 F. 3d 1118, 1122, n.8 (11th Cir. 2010). *See also Dart Cherokee*, 574 U.S. 81 at 88 ("defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

**D. CAFA's Numerosity Requirement is Met**

36. Based upon the allegations in the Class Action Complaint, CAFA's numerosity requirement of a proposed class consisting of at least 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

37. Plaintiff alleges a Class of "several thousands, if not more." Complaint, par. 24.

**IV.   All Procedure Requirements for Removal have been Satisfied**

38. In accordance with, 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of the Summons and Complaint.

39. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the United States District Court for the Southern District of Florida, Miami Division, is the federal judicial district embracing the place where the State Court Action is pending.

40.     As required by 28 U.S.C. § 1446(a), attached as Composite Exhibit A-1 to A-3 to this Notice are copies of all process, pleadings, and orders served upon Defendant in the State Court Action.

41.     To effectuate the removal of this case, Defendant shall properly notice all adverse parties and file a copy of the Notice of Removal in the State Court Action as required by 28 U.S.C. § 1446(d).

42.     This Notice of Removal is signed pursuant to Fed. R. Civ. R. 11 as required by 28 U.S.C. § 1446(a).

43.     Defendant submits this Notice of Removal solely for the purpose of establishing federal subject matter jurisdiction, and denies any liability or basis for relief as alleged in the Class Action Complaint. This Notice of Removal is filed by Defendant without waiving any defenses or making any admission to Plaintiff's allegations, individually and on behalf of the putative class.

**V.   <u>Prayer for Relief</u>**

WHEREFORE, Defendant, American Landmark, LLC, respectfully requests: (i) the civil action captioned *Lara Diez v. American Landmark, LLC,* Case No.: 2021-026346-CA-01 pending in the Circuit Court of the Eleventh  Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida, Miami Division, with a full reservation of all defenses; (ii) this Court properly exercise removal jurisdiction over this case; and (iii) that no further proceedings shall occur in the State Court Action.

Dated: January 14, 2022.

Respectfully submitted,

By: *s/ Garry W. O'Donnell*
      **Garry W. O'Donnell, Esq.**
      Specialist in Business Litigation
      Florida Bar No. 0478148
      Primary Email: garry.odonnell@gmlaw.com
      Secondary Email: elaine.hill@gmlaw.com
      GREENSPOON MARDER LLP
      2255 Glades Road, Suite 400-E
      Boca Raton, Florida 33431
      Telephone: (561) 994-2212
      Facsimile:  (561) 807-7527
      *Attorney for Defendant, American Landmark, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was filed through the

Court's CM/ECF system and served by e-mail and U.S. Mail this 14th day of January, 2022, on:

Manny S. Hiraldo, Esq.
Email: mhiraldo@hiraldolaw.com
Hiraldo P.A.
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, FL 33301
Tel. 954.400.4713
*Attorney for Plaintiff, Lara Diez*

Rachel N. Dapeer, Esq.
Email: rachel@dapeer.com
Dapeer Law
20900 N.E. 30th Ave., Suite 417
Aventura, FL 33180
Tel.: 305.610.5223
*Attorney for Plaintiff, Lara Diez*

      /s/ *Garry W. O'Donnell*
      Garry W. O'Donnell