# Composite Exhibit A

# Composite Exhibit A-1

Filing # 139951139 E-Filed 12/08/2021 12:22:19 PM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION** ☑ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | **CASE NUMBER** 2021-026346-CA-01 |
| **PLAINTIFF(S)** LARA DIEZ | **VS. DEFENDANT(S)** AMERICAN LANDMARK, LLC | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): AMERICAN LANDMARK, LLC

Registered Agent: LUBECK, JOSEPH G

4890 W Kennedy Blvd., Ste 240

Tampa, FL 33609

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Manuel S. Hiraldo

whose address is: 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK of COURTS** | 310009 DEPUTY CLERK | **DATE** 12/13/2021 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                        Clerk's web address: www.miami-dadeclerk.com

# Composite Exhibit A-2

Filing # 139732603 E-Filed 12/05/2021 03:58:59 PM

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-022130-CA-01

LARA DIEZ,
individually and on behalf of all,
others similarly situated,                                    **CLASS ACTION**

    Plaintiff,                                 **JURY TRIAL DEMANDED**

v.

AMERICAN LANDMARK, LLC,

    Defendant.
_____/

### CLASS ACTION COMPLAINT

Plaintiff Lara Diez brings this class action against Defendant American Landmark, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. To promote its rental properties, Defendant engages in text messaging, including to individuals who have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory

1

damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Miami-Dade County, Florida.

5. Defendant is, and at all times relevant hereto was, a Florida limited liability company. Defendant maintains its primary place of business and headquarters in Tampa, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because it is headquartered and its primary place of business is in Florida.

8. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

9. On or about February 27, 2021, Plaintiff submitted an inquiry through the website www.apartmentlist.com in her search for a rental apartment.

10. At that time, Plaintiff provided her contact information, including name and telephone number.

11.     Plaintiff did <u>not</u> agree or consent for Defendant to contact her with marketing calls or telephone solicitations when she made this inquiry.

12.     Subsequently, the owner and operator of www.apartmentlist.com provided Defendant with Plaintiff's information as a consumer lead.

13.     Months later, on or about July 8, 2021, Defendant placed telephone solicitation text message calls to Plaintiff's cellular telephone number, which are depicted below:



3

14. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

15. Given the timing of Defendant's text messages (months after Plaintiff's inquiry), as well as its practice of purchasing consumer lead information, Plaintiff is informed and believes that Defendant placed at least 50 text messages to as many consumers for the purpose of advertising and promoting its rental properties.

16. Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since September 13, 2008.

17. Plaintiff utilizes her cellular telephone number for personal purposes only and the number is Plaintiff's residential telephone line

18. At the time Plaintiff received the text messages, she was the subscriber and sole user of the cellular telephone that received the messages.

19. Plaintiff has never had any type of business relationship with Defendant.

20. Upon information and belief, Defendant utilizes a customer relationship management software system ("CRM") where Defendant stores customer contact information, lead information provided to it by third parties, information regarding customer transactions, information regarding customer business inquires, and other customer histories. Defendant's CRM is easily searchable, and Defendant is capable of generating reports of customers with whom it has transacted business and/or of individuals that have contacted Defendant with business inquire

21. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its rental

4

properties. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members

22. Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Additionally, Defendant's unsolicited messages violated Plaintiff's substantive rights under the TCPA from be free from harassing calls like Defendant's.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23. Plaintiff brings this lawsuit as a class action individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services; (5) who did not purchase or transact business with Defendant during the eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

5

25. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

### NUMEROSITY

26. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent solicitations to individuals who had registered their telephone numbers on the National Do Not Call Registry; [2] Whether Defendant can meet its burden of showing that it had consent to make such calls; and [3] Whether Defendant is liable for damages, and the amount of such damages.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text message calls is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

34. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-33 as if fully set forth herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

37. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

38. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

8

39. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

40. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

41. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

h) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: December 5, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**DAPEER LAW, P.A.**
Rachel N. Dapeer, Esq.
20900 NE 30th Avenue, Ste. 417
Aventura, Florida 333180
Email: rachel@dapeer.com
Telephone: 305-610-5223

*Counsel for Plaintiff*

# Composite Exhibit A-3

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-026346-CA-01

LARA DIEZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN LANDMARK, LLC,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, American Landmark, LLC, by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.090, hereby moves the Court for the entry of an order for an extension of the time to respond to Complaint. The grounds in support of this Motion are as follows:

1. Defendant was served with the Complaint on December 20, 2021, and a response is due on January 10, 2022.

2. Due to professional commitments, undersigned counsel for Defendant will need additional time to prepare a response to the Complaint, and requests a fourteen (14) day extension within which to file and serve the response, up to and including January 24, 2022.

3. There is good cause for the extension sought, and this Motion is not interposed to delay the resolution of this case.

4. No party will be prejudiced by granting the extension sought in this Motion.

5. The undersigned contacted counsel for Plaintiff to determine whether Plaintiff agrees to the extension of time sought in this Motion. If the extension is opposed, Defendant will promptly set the Motion for hearing.

6.  A proposed form of an Order is attached as Exhibit "A" to this Motion.

WHEREFORE, Defendant, American Landmark, LLC respectfully requests this Court enter an Order in the form attached as Exhibit "A" to this Motion extending the time for responding to the Complaint up to and including January 24, 2022, and render such other and further relief as may be just and appropriate.

Dated: January 7, 2022.   By:   */s/ Garry W. O'Donnell*
Garry W. O'Donnell, Esq.
Specialist in Business Litigation
Florida Bar No. 0478148
Primary Email: garry.odonnell@gmlaw.com
Secondary Email: elaine.hill@gmlaw.com
GREENSPOON MARDER LLP
2255 Glades Road, Suite 400-E
Boca Raton, Florida 33431
Telephone: (561) 994-2212
Facsimile: (561) 807-7527
*Counsel for Defendant*
*American Landmark, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the *Florida Courts E-Filing Portal* system on this 7th day of January, 2022. I also certify that, in accordance with Florida Rule of Judicial Administration 2.516(a) and pursuant to AOSC13-49, the foregoing document is being served this day on all counsel of record or pro se parties identified below, either via transmission of Notices of Electronic Filing generated by the *Florida Courts E-Filing Portal* or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Suite 400
Ft. Lauderdale, FL 33301
*Counsel for Plaintiff*

Rachel N. Dapeer, Esq.
Dapeer Law, PA
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
*Counsel for Plaintiff*

By: */s/ Garry W. O'Donnell*
Garry W. O'Donnell, Esq.

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-022130-CA-01 (15)

LARA DIEZ, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN LANDMARK, LLC,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT**

THIS MATTER came before the Court upon Defendant, American Landmark's, Motion for Extension of Time to Respond to Complaint, and the Court having considered the Motion, and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. The Motion is GRANTED.

2. Defendant, American Landmark, LLC, shall file and serve a response to Plaintiff's Complaint on or before January 24, 2022.

DONE and ORDERED in Chambers at Miami-Dade County Florida.

                                                                _____
                                                                 JOSE M. RODRIGUEZ
                                                                 CIRCUIT JUDGE