**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**
**CASE NO.: 1:22-cv-20189-KMM**

LARA DIEZ, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

AMERICAN LANDMARK, LLC,

      Defendant.

_____/

**DEFENDANT, AMERICAN LANDMARK, LLC'S, ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, American Landmark, LLC, by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses in response to the Class Action Complaint ("Complaint"), and says and alleges as follows:

**ANSWER**

**NATURE OF ACTION**

1. Admits the jurisdictional allegations, and denies each and every other allegation in paragraph 1 of the Complaint.

2. Denies the allegations in paragraph 2 of the Complaint.

3. Denies the allegations in paragraph 3 of the Complaint.

**PARTIES**

4. Denies for want of knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4 of the Complaint.

5.    Admits that Defendant is a Florida limited liability company with its principal place of business in Florida, and denies each and every other allegation in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.    Admits jurisdictional allegations, and denies each and every other allegation in paragraph 6 of the Complaint.

7.    Admits jurisdictional allegations, and denies each and every other allegation in paragraph 7 of the Complaint.

8.    Admits removal venue is proper in this Court, and denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 8 of the Complaint.

## FACTS

9.    Admits that on or about February 27, 2021, Plaintiff visited www.apartment list.com and provided her prior express written consent within the meaning of the TCPA and implementing regulations for the text messages that are the subject of this action, and denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 9 of the Complaint.

10.    Admits that on or about February 27, 2021, Plaintiff visited www.apartment list.com and provided her prior express written consent within the meaning of the TCPA and implementing regulations, for the text messages that are the subject of this action, and denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 10 of the Complaint.

11.    Denies the allegations in paragraph 11 of the Complaint.

12.    Admits that on or about February 27, 2021, Plaintiff visited www.apartment list.com and provided her prior express written consent within the meaning of the TCPA and implementing regulations for the text messages that are the subject of this action, denies information was provided to Defendant, and denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 12 of the Complaint.

13.    Admits that with Plaintiff's prior express written consent text messages were sent beginning on March 5, 2020 with text messages that included a notice to "type 'stop' at any time to opt-out," and denies each and every other allegation in paragraph 13 of the Complaint.

14.    Denies the allegations in paragraph 14 of the Complaint.

15.    Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of what Plaintiff alleges to have believed, and denies each and every other allegation in paragraph 15 of the Complaint.

16.    Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 16 of the Complaint.

17.    Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 17 of the Complaint.

18.    Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 18 of the Complaint.

19.    Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 19 of the Complaint.

20.    Denies the allegations in paragraph 20 of the Complaint.

21.    Denies the allegation in paragraph 21 of the Complaint.

22.     Admits Plaintiff alleges to have been harmed, but denies each and every other allegation in paragraph 22 of the Complaint.

## CLASS ALLEGATIONS

### Proposed Class

23.     Denies the allegations in paragraph 23 of the Complaint.

24.     Denies the allegations in paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint.

### Numerosity

26.     Denies the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint.

### Common Questions of Law and Fact

28.     Denies the allegations in paragraph 28 of the Complaint.

29.     Denies the allegations in paragraph 29 of the Complaint.

### Typicality

30.     Denies the allegations in paragraph 30 of the Complaint.

### Protecting the Interests of the Class Members

31.     Denies for want of knowledge sufficient to form a belief as to the truth or accuracy of each and every other allegation in paragraph 31 of the Complaint.

### Superiority

32.     Denies the allegations in paragraph 32 of the Complaint.

33.     Denies the allegations in paragraph 33 of the Complaint.

## COUNT I
## Violation of TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

34.    Repeats the responses to the allegations incorporated in paragraph 34 of the Complaint.

35.    Denies the allegations in paragraph 35 of the Complaint.

36.    Denies the allegations in paragraph 36 of the Complaint.

37.    Denies the allegations in paragraph 37 of the Complaint.

38.    Denies the allegations in paragraph 38 of the Complaint.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

## General Response

42.    Denies each and every allegation in the Complaint not specifically admitted, denied, controverted or otherwise addressed above.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without altering Plaintiff's burden of proof or persuasion on any of the issues in this action.

## First Affirmative Defense

The Complaint, in whole and material part, fails to state any plausible claim upon which relief may be granted and the statutory penalties are prohibited by law including the Due Process Clause of the Florida and U.S. Constitutions.

## Second Affirmative Defense

For all text messages that are the subject of the Complaint, prior express written consent was received from Plaintiff.

### Third Affirmative Defense

Defendant is improperly named in this action as it did not place the text messages that are the subject of the Complaint.

### Fourth Affirmative Defense

The claims asserted in the Complaint are barred, in whole and material part, by the statute of limitations.

### Fifth Affirmative Defense

Defendant's actions, practices and procedures were reasonable and taken in good faith and with the well-founded belief that such conduct was at all times in compliance with applicable laws, rules and regulations. To the extent that any conduct alleged in the Complaint may be actionable, such conduct was unintentional and occurred despite the Defendant's reasonable good-faith efforts to be compliant.

### Sixth Affirmative Defense

The telephone calls that are the subject of the Complaint were encouraged, invited, and initiated by consent, and/or made in the context of an established business relationship.

### Seventh Affirmative Defense

The claims for damages, including treble damages, in the Complaint are barred as American Landmark did not knowingly or willfully make the alleged telephone calls in violation of the TCPA.

### Eighth Affirmative Defense

Any acts or omissions by persons other than Defendant, which form the basis of the claims asserted in the Complaint, occurred without Defendant's knowledge, authorization, consent, ratification or approval.

**Ninth Affirmative Defense**

The failure to exercise reasonable care and diligence caused or contributed to any alleged injury or damages, and any recovery must therefore be eliminated or reduced proportionately.

**Tenth Affirmative Defense**

There has been a failure to take reasonable measures to mitigate any compensable injury sustained.

**Eleventh Affirmative Defense**

The claims asserted in the Complaint are barred, in whole and material part, by the doctrines of waiver, estoppel, ratification, laches, and release.

**Twelfth Affirmative Defense**

Any legal duties owed based upon the allegations in the Complaint have been fully performed, satisfied or waived.

**Thirteenth Affirmative Defense**

Any claim for damages must be set off by Plaintiff's inequitable and wrongful conduct.

**Fourteenth Affirmative Defense**

Plaintiff fails to state a plausible cause of action for class relief pursuant to Federal Rules of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands as Plaintiff pursues this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to enrich herself by seeking disproportionate payments from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered or otherwise responded to the allegations set forth in the Complaint, Defendant, American Landmark, LLC, hereby demands judgment that: (i) Plaintiff takes nothing by way of the claims asserted in the Complaint; (ii) this action be dismissed in its entirety, with prejudice; (iii) attorneys' fees and costs incurred in this action be assessed against Plaintiff; and (iv) other and further relief be awarded as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Defendant, American Landmark, LLC, demands a jury trial on all issues in this action triable by a jury as a matter of right pursuant to Fed. R. Civ. P. 38.

## RESERVATION OF RIGHTS

Defendant, American Landmark, LLC, reserves the right, upon further investigation and discovery, to assert such additional defenses as may be just and appropriate.

Dated: January 27, 2022.

By: *s/ Garry W. O'Donnell*
**Garry W. O'Donnell, Esq.**
Specialist in Business Litigation
Florida Bar No. 0478148
Primary Email: garry.odonnell@gmlaw.com
Secondary Email: elaine.hill@gmlaw.com
GREENSPOON MARDER LLP
2255 Glades Road, Suite 400-E
Boca Raton, Florida 33431
Telephone: (561) 994-2212
Facsimile:  (561) 807-7527
*Lead Counsel for Defendant,*
*American Landmark, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this <u>27</u>th day of January, 2022, which will generate notification to all known counsel of record or pro se parties listed below.

Manny S. Hiraldo, Esq.
Email: mhiraldo@hiraldolaw.com
Hiraldo P.A.
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, FL 33301
Tel. 954.400.4713
*Attorney for Plaintiff, Lara Diez*

Rachel N. Dapeer, Esq.
Email: rachel@dapeer.com
Dapeer Law
20900 N.E. 30th Ave., Suite 417
Aventura, FL 33180
Tel.: 305.610.5223
*Attorney for Plaintiff, Lara Diez*

/s/ *Garry W. O'Donnell*
Garry W. O'Donnell